Case 1:17-cr-00050-LMB Document 57 Filed 06/21/17 Page 1 of 5 PageID# 491

FILED
IN OPEN COURT

JUN 21

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:17-CR-50 |
| ) | |
| MICHAEL QUEEN ) | |
| ) | |
| Defendant. ) | |

## TRIAL STIPULATION

The parties stipulate that the following shall govern the trial in this case.

1. In connection with this stipulation, the defendant Michael Queen ("QUEEN") waives the right to trial by jury and agrees to proceed with a bench trial.

2. At said bench trial, the parties stipulate that the following evidence shall be admitted, and no evidence or facts shall be admitted or considered except as provided below:

    a. The Statement of Stipulated Facts is admitted for its truth, subject to the provisos set forth below.

        i. Paragraphs 2-10 are admitted for the limited purpose of establishing the intent and state of mind of the FBI, and are limited to the element of materiality contained in counts 1 and 4 of the indictment. The government seeks the admission of paragraph 17 for those same limited purposes, and the defendant asserts that paragraph 17 is irrelevant.

        ii. The defendant withdraws his pending *Bruton* motion to sever, ECF Doc. 36, as inapplicable and moot in a bench trial. The defendant asserts that

      the *Crawford* and Federal Rules of Evidence parts of that motion remain applicable, and seeks the exclusion of the statements contained in paragraphs 20 and 21 under the Confrontation Clause and as inadmissible hearsay. Soufian Amri asserts his right to refuse to testify in this trial.

  iii. In paragraph 9, the defendant asserts that the suspicions of the FBI are inadmissible as speculation.

  iv. Paragraph 15 is admitted to the extent the Court finds that the statements qualify as coconspirator statements and are therefore not subject to *Crawford*.

  v. The defendant seeks the exclusion of the statements made by the defendant to the FBI for the reasons set forth in his Motion to Suppress Statements.

b. The audio tapes of conversations between:

  1. QUEEN and the FBI on June 24, 2016 and July 8, 2016;

  2. Soufian Amri and the FBI on June 24, 2016 and July 8, 2016; and

  3. Haris Qamar and the FBI on July 8, 2016;

shall be considered only in resolving the motions and objections made, and are not admitted as evidence at trial and shall not be considered regarding the guilt or innocence of QUEEN. The parties stipulate to the identities of the speaking parties on the aforementioned tapes. Paragraph 24 of the Stipulated Statement of Facts is admissible to the same extent as the other evidence in this paragraph.

c. Paragraphs 9-66 of the affidavit in support of a criminal complaint in the case of Haris Qamar, ECF Doc. 2, 1:16 cr 227 (LMB), are admitted for the limited

purpose of establishing the intent and state of mind of the FBI, and are limited to the element of materiality contained in counts 1 and 4 of the indictment.

3. The following timeline shall govern in the trial:

   a. The trial will commence on June 29, 2017 with the Court's receipt of the stipulated evidence.

   b. The government will respond to the objections set forth in paragraph 2(a) of this stipulation within 11 days.

   c. The defendant shall reply within 3 days.

   d. The Court shall hold a hearing thereafter and advise the parties of its rulings.

   e. Thereafter the defense may raise any dispositive motion within 11 days of the court's rulings. The government shall have 11 days to provide a written closing argument and a response to any dispositive motion, the defense shall then have 11 days to provide its reply, and the government shall then have 3 days for its reply. The government agrees that in a bench trial it is optional but not necessary for a defendant to file a Rule 29 motion to preserve sufficiency arguments, and no sufficiency argument shall be considered to be forfeited in the absence of such a motion.

   f. If extensions of the admissibility argument and closing argument deadlines are requested, the court may grant extensions for good cause.

   g. Pursuant to Fed. R. Crim. Proc. 23(c), the defense requests the Court state all relevant findings of fact and conclusions of law in a written opinion or decision.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____
Colleen E. García
Gordon D. Kromberg
Assistant United States Attorneys

Defendant's Signature: After consulting with my attorney, I hereby stipulate that the above Statement of Stipulated Facts is true and accurate, ~~and that had the matter proceeded to trial, the United States would have proven the same beyond a reasonable doubt.~~

Date: 6/21/17            By: _/s/ Michael Queen_
                              Michael Queen
                              Defendant


Defense Counsel Signature: I am counsel for the defendant in this case. I have carefully reviewed the above Statement of Stipulated Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 6/21/17            By: _/s/ Dontaé Bugg_
                              Dontaé Bugg, Esq.
                              Counsel for Mr. Queen

5