IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | No. 1:17-cr-50 |
| MICHAEL QUEEN, | ) | |
| | ) | |
| Defendant. | ) | |

<u>Government's Opposition to Defendant's Motion for Release Pending Appeal</u>

Michael Queen's motion for release pending appeal should be denied. He cannot establish that his appeal raises a substantial question of law or fact that is likely to result in reversal of his conviction, an order for a new trial, or a lower sentence.

By statute, a defendant who has been sentenced to a term of imprisonment shall be detained pending resolution of his appeal, unless the Court finds that the appeal "raises a substantial question of law or fact *likely* to result in" (a) reversal; (b) an order for a new trial; or (c) a reduced sentence. 18 U.S.C. § 3143(b) (emphasis added). "A 'substantial question' is a 'close' question or one that very well could be decided the other way." *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir.1991) (internal quotations omitted). Queen fails to make such a showing.

Queen asserts that his appeal is neither frivolous nor filed for delay. Regardless of the accuracy of that vague and conclusory assertion, it is insufficient to establish the existence of a substantial question of fact or law likely to result in reversal or a new sentence.

Queen also asserts that the application of the terrorism enhancement under the Sentencing Guidelines "is not a novel question and has not clearly been decided by controlling precedent."[1]  Regardless of the accuracy of this assertion, it fails to establish that application of the enhancement was based on a substantial question of law or fact likely to result in a new sentence.   Accordingly, Queen's assertions and arguments do not meet the standard set forth in Section 3143(b) for release pending appeal.  After all, under that section, Queen's burden is to show that the appeal raises a close question of fact or law likely to result in reversal or an order for a new trial.  18 U.S.C. § 3143(b).

Notwithstanding Queen's conclusory assertions, he has not shown that his appeal raises a close question of fact or law likely to result in reversal or an order for a new trial.  Accordingly, his motion should be denied.

          Respectfully submitted,

          Tracy Doherty-McCormick
          Acting United States Attorney

By:    ____/s/_____
          Gordon D. Kromberg
          Assistant United States Attorney
          Virginia Bar #33676
          United States Attorney's Office
          Eastern District of Virginia
          2100 Jamieson Ave
          Alexandria, VA 22314-5794
          Phone: (703) 299-3700
          Fax: (703) 299-3981
          Email:  Gordon.kromberg@usdoj.gov

---

[1] We assume that Queen intended to argue that the application of the terrorism enhancement *is* a novel question, but correction of the error makes his argument no stronger.

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to all counsel of record.

                /s/
                Gordon D. Kromberg
                Assistant United States Attorney
                Virginia Bar #33676
                United States Attorney's Office
                Eastern District of Virginia
                2100 Jamieson Ave
                Alexandria, VA 22314-5794
                Phone: (703) 299-3700
                Fax: (703) 299-3981
                Email: Gordon.kromberg@usdoj.gov