## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| v. | ) ) | Case No.  1:17-CR-50 (LMB) |
| **MICHAEL QUEEN,** | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RELEASE PENDING APPEAL

The Government's opposition to Mr. Queen's motion tries to obscure the extraordinary impact the application of the terrorism enhancement had in this case.  Without the application of the terrorism enhancement, Mr. Queen's guideline range was anticipated to be 0-6 months.

As previously stated, there is clear and convincing evidence in the record that Mr. Queen does not present a flight risk or danger to the community.  Mr. Queen continues to abide by all orders of this Court and self-surrendered on February 23, 2018.  The Government does not argue and offers no evidence that Mr. Queen has appealed for the purposes of delay.  It can therefore be assumed that they conceded that the appeal was not a dilatory tactic.

On the merits of the release motion, the Government fails to address the question of the application of the terrorism enhancement.  The application of the terrorism enhancement itself is the substantial question that could well be decided the other way on appeal.  Perhaps it was a crafted

strategy decision to not address the substantial question of the applicability of the terrorism enhancement to not concede that a close question exists1.

The Fourth Circuit has outlined the proper analysis for motions of this nature in United States v. Steinhorn, 927 F.2d 195 (4th Cir. 1991). In Steinhorn, the Defendant sought bail pending appeal and the "substantial question" at issue was the trial court's refusal to instruct the jury on the defense of entrapment. The Court found that the entrapment instruction presented a close question that could be decided either way. The Court further found that if the district court's decision was reversed, they would likely order a new trial. As a result, the Court granted the Defendant's motion.

In ruling, the Court stated:

> We adopt the procedure first announced in United States v. Miller, 753 F.2d 19 (3d Cir.1985), and subsequently accepted by every other circuit, *see* United States v. Perholtz, 836 F.2d 554, 555 (D.C.Cir.1987). In applying § 3143(b)(2) the court must make two inquiries after finding that the appeal is not taken for the purpose of delay. First, whether the question presented on appeal is a "substantial" one. Second, if decided in favor of the accused, whether the substantial question is important enough to warrant reversal or a new trial on all counts for which the district court imprisoned the defendant. Miller, 753 F.2d at 23–24.
> We adopt the definition of "substantial question" first proposed by the Eleventh Circuit in United States v. Giancola, 754 F.2d 898 (11th Cir.1985). That court defined a "substantial question" as: a "close" question or one that very well could be decided the other way. Further, there are no blanket categories for what questions do or do not constitute "substantial" ones. Whether a question is "substantial" must be determined on a case-by-case basis. Giancola, 754 F.2d at 901 (footnote omitted). Most of the circuits have adopted this definition. *See* Perholtz, 836 F.2d at 555 nn. 1–2.

The law does require Mr. Queen show that he is likely to win his appeal. It must be shown that the appeal presents a "close question" which, if resolved in his favor, is likely to have an impact on the outcome of the case. It is clear from the extensive record in this case that the application of

---

1 Government's response brief was filed today in this matter. Counsel may supplement this reply after a full review.

the terrorism enhancement has always been the central issue.  The appeal filed with the Fourth Circuit was referenced and incorporated into Mr. Queen's motion to demonstrate that the issues raised on appeal (including the sufficiency of the evidence) are indeed impactful close questions.

If the Fourth Circuit were to rule in Mr. Queen's favor on just the applicability of the terrorism enhancement issue, it is very likely to have an impact on the sentence imposed in this matter.  The requirements for release pending appeal in 18 U.S.C. 3143(b) are therefore met.

WHEREFORE, the foregoing premises considered, Mr. Queen requests that the Court grant him release pending the outcome of his appeal on the previously existing conditions as ordered on February 22, 2017.

                                                Respectfully submitted,

                                                MICHAEL QUEEN
                                                By Counsel,

By:        /s/
        Dontaé L. Bugg
        Virginia Bar # 74042
        Bugg Law Firm, PLLC
        Attorney for Defendant Michael Queen
        4103 Chain Bridge Road, Suite 401
        Fairfax, Virginia 22030
        (703) 591-4507 (telephone)
        (703) 991-8307 (facsimile)
        dbugg@bugglawfirm.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 8, 2018, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties to this action.

                /s/
               Dontaé L. Bugg
               Virginia Bar # 74042
               Bugg Law Firm, PLLC
               Attorney for Defendant Michael Queen
               4103 Chain Bridge Road, Suite 401
               Fairfax, Virginia 22030
               (703) 591-4507 (telephone)
               (703) 991-8307 (facsimile)
               dbugg@bugglawfirm.com